Case No. 24-40700

___

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

___

Darryl George,

*Plaintiff-Appellant,*

v.

Barbers Hill Independent School District;
Lance Murphy; and Ryan Rodriguez,

*Defendants-Appellees.*

___

On Appeal from the United States District Court, Southern
District of Texas, Cause No. 3:24-CV-00012

___

APPELLEES' MOTION TO DISMISS APPEAL

___

TO THE HONORABLE FIFTH CIRCUIT COURT OF APPEALS:

Barbers Hill Independent School District, Lance Murphy, and Ryan Rodriguez (the District) move to dismiss the appeal as follows:

## INTRODUCTION

1. This appeal appears to be moot. Darryl George, the appellant in this case, graduated from high school on May 21, 2025. Goose Creek

Consol. Indep. Sch. Dist., *Ross S. Sterling High School Graduation Program*, https://perma.cc/CHE8-8ELB (last visited June 2, 2025). Since a student's graduation moots his request for injunctive relief against a school, this appeal should be dismissed.

## LEGAL STANDARD

2. "A case becomes moot – and therefore no longer a 'Case' or 'Controversy' for purposes of Article III – when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 395 (5th Cir. 2024) (citation omitted). "In other words, '[m]ootness applies when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff.'" *Id.* (citation omitted).

3. "As is so often the case in suits for injunctive relief brought by students, graduation or impending graduation renders their claims for injunctive relief moot." *Pederson v. La. State Univ.*, 213 F.3d 858, 874 (5th Cir. 2000) (citations omitted).

## ARGUMENT

4.     This appeal stems from a motion for a preliminary injunction. George asked the district court to stop the District from enforcing the hair-length restriction in its dress and grooming code (the Restriction) against him. ROA.1206–17. In October 2024, the district court denied George's request for a preliminary injunction. ROA.1626–32, 1651–59. In this appeal, George asks the Court to reverse and enter an injunction in his favor. George Br. at 47.

5.     Public records indicate George graduated from high school on May 21, 2025. Goose Creek Consol. Indep. Sch. Dist., *Ross S. Sterling High School Graduation Program*, https://perma.cc/CHE8-8ELB (last visited June 2, 2025). On May 27, June 2, June 5, and June 9, the District attempted to confer with George's counsel to confirm his graduation, but counsel did not respond.

6.     It does not appear George would benefit from any injunctive relief this Court could issue. This appeal, "like other suits for injunctive relief brought by students" who graduated, thus seems to be moot. *Pederson*, 213 F.3d at 874.

7.  The Court dismisses appeals in this posture. *Id.*; *see also Bd. of Sch. Comm'r of Indianapolis v. Jacobs*, 420 U.S. 128, 129 (1975) ("[A]ll of the named plaintiffs in the action had graduated from the Indianapolis school system; in these circumstances, it seems clear that a case or controversy no longer exists between the named plaintiffs and the petitioners with respect to the validity of the rules . . . .")); *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017) ("Because Brinsdon has graduated from high school, her equitable claims . . . are moot."); *Doe ex rel. Doe v. Vermilion Par. Sch. Bd.*, 421 F. App'x 366, 374 (5th Cir. 2011) ("[T]his interlocutory appeal is moot as to Joan Doe because she graduated from Rost Middle School in May 2010.").

8.  The Court should do the same here.

## CONCLUSION

9.  This appeal appears to be moot. Absent evidence that George did not graduate from high school, the Court should dismiss the appeal. George's "claims for damages [ ] can proceed in the district court," and the case may return to this Court in due course. *Doe*, 421 F. App'x at 374 (citing *Pederson*, 213 F.3d at 875).

Respectfully submitted,

ROGERS, MORRIS & GROVER, L.L.P.

/s/ Jonathan Griffin Brush

---

JONATHAN GRIFFIN BRUSH
State Bar No. 24045576
jbrush@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
ademmler@rmgllp.com
RICHARD MORRIS
State Bar No. 14497750
rmorris@rmgllp.com
KYLE STONE
State Bar No. 24117100
kstone@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone: 713/960-6000
Facsimile: 713/960-6025

*Attorneys for Appellees*

## CERTIFICATE OF CONFERENCE

     The undersigned hereby certifies that counsel conferred in good faith *via* email with counsel for Appellant on or about May 27, June 2, June 5, and June 9, 2025. Appellant did not respond to the attempts to confer.

/s/ Amy Demmler

_____
*Attorney for Appellees*

## CERTIFICATE OF SERVICE

     I hereby certify that on June 9, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

     I further certify that (1) the required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ Jonathan Griffin Brush

_____
*Attorney for Appellees*

## CERTIFICATE OF COMPLIANCE

Pursuant to FED. R. APP. P. 27 and Local Rule 27.4, the undersigned certifies that this Motion complies with the limitations of FED. R. APP. P. 27 and contains **589 words** excluding Appellant's Certificates of Conference, Service, and Compliance, prepared in a proportionally spaced typeface using Microsoft Office Word 2024 in 14-point Century font in text and 12-point Century font in footnotes.

The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5th Cir. R. 27 may result in the Court's striking the Motion and imposing sanctions against the person signing the Motion.

/s/ Jonathan Griffin Brush
_____
*Attorney for Appellees*